IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZANABAZAR OIURSKII, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 25 C 13917 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| SAMUEL OLSON, Chicago ICE Field ) | |
| Office Director; SANDRA SALAZAR, ) | |
| Chicago ICE Field Office Director; KRISTI ) | |
| NOEM, Secretary, U.S. Department of ) | |
| Homeland Security; WARDEN OF THE ) | |
| BROADVIEW ICE FACILITY; ) | |
| ) | |
| Respondents. | |

**ORDER AND STATEMENT**

Before the court is Zanabazar Oiurskii's (Oiurskii's) amended petition for writ of habeas corpus (dkt. 8) pursuant to 28 U.S.C. § 2241. For the reasons stated below, the court partially grants Oiurskii's amended petition.

Oiurskii, a Russian citizen, has resided in the United States since December 9, 2022. Oiurskii has no criminal history. He is currently an applicant for asylum and withholding of removal. The U.S. Department of Homeland Security (DHS) previously released Oiurskii on parole pursuant to 8 U.S.C. § 1182(d)(5)(A). But on November 12, 2025, Oiurskii was arrested by DHS officers during a routine check-in appointment at the Chicago office of U.S. Immigration and Customs Enforcement (ICE). No warrant or explanation was provided for his arrest and detention. Since his arrest, Oiurskii has been denied access to a bond hearing.

Oiurskii subsequently filed both his initial habeas petition and his operative amended habeas petition on November 13, 2025. In his amended petition, Oiurskii claims that, by detaining him without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A), respondents have violated the Immigration and Nationality Act (INA); deprived Oiurskii of his due process rights; and violated the Administrative Procedure Act, 5 U.S.C. §§ 701–06. Accordingly, Oiurskii seeks an order granting immediate release without electronic monitoring; a declaration that Oiurskii's detention is unlawful, including to the extent he is detained pursuant to 8 U.S.C. § 1225(b)(2) and *Matter of Yajure Hurtado*; a declaration that Oiurskii's ongoing detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a); and an award of reasonable costs and attorney's fees under the Equal Access to Justice Act. Oiurskii further requests, in the alternative to immediate release, an order requiring a bond hearing within 14 days before an immigration judge, or release if no such hearing has timely occurred, where (1) the government

must establish by clear and convincing evidence that Oiurskii presents a risk of flight or danger, even after consideration of alternatives to detention that could mitigate any such risk, and (2) release on appropriate conditions of supervision must be granted if the government cannot meet its burden. Respondents take the position that Oiurskii is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Respondents also deny that the court has jurisdiction over Oiurskii's habeas claims and deny that, by detaining Oiurskii, they have violated Oiurskii's due process rights. Respondents further request that Oiurskii be required to administratively exhaust his habeas claim remedies.

The court hereby adopts the reasoning set forth in *Ochoa Ochoa* v. *Noem*, No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025) (Jenkins, J.), *H.G.V.U.* v. *Smith*, No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2020) (Coleman, J.), *Mariano Miguel* v. *Noem*, No. 25 C 11137, 2025 WL 2976480 (N.D. Ill. Oct. 21, 2025) (Alonso, J.), and *G.Z.T.* v. *Smith*, No. 25 C 12802, Dkt. 14 (N.D. Ill. Oct. 21, 2025) (Ellis, J.). First, the court finds that it can exercise jurisdiction over Oiurskii's habeas claim because Oiurskii's amended petition merely challenges the lawfulness of his current detention. *See Jennings* v. *Rodriguez*, 583 U.S. 281, 294 (2018) (finding that § 1252(b)(9) is no jurisdictional bar where a petitioner is "not asking for review of an order of removal; [he is] not challenging the decision to detain them in the first place or to seek removal; and [he is] not even challenging any part of the process by which their removability will be determined"). Second, the court finds that § 1226(a), rather than § 1225(b)(2)(A), applies to Oiurskii's detention and that respondents' application of 18 U.S.C. § 1225(b)(2)(A) to Oiurskii accordingly violates the INA. In attempting to apply 18 U.S.C. § 1225(b)(2)(A) to Oiurskii, respondents have disregarded the plain meaning of the text, disregarded its relationship with § 1226, rendered parts of § 1226 superfluous, and ignored decades of prior statutory interpretation and practice regarding the Act. *See Alejandro* v. *Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases). Third, the court finds that Oiurskii's detention violates his due process rights since Oiurskii was entitled to the process outlined in the applicable statute, which is § 1226(a), and his detention without a bond hearing violates that process. As a reminder, the Due Process Clause applies to citizens *and* noncitizens alike. *Kerciku* v. *I.N.S.*, 314 F.3d 913, 917 (7th Cir. 2003) (citing *Zadvydas* v. *Davis*, 533 U.S. 678 (2001)) ("It is well-settled that foreign persons in the United States are entitled to due process."). Finally, the court finds that any exhaustion requirement for Oiurskii has been excused since it would be futile for Oiurskii to initially seek a bond hearing before an immigration judge before appealing to the Board of Immigration Appeals (BIA). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025).

Therefore, the court partially grants Oiurskii's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court orders Oiurskii's immediate release without electronic monitoring and further orders that respondents provide Oiurskii with a bond hearing within 14 days, during which respondents will have the burden of showing, by clear and convincing evidence, that Oiurskii poses a danger to the community or poses a flight risk such that detention is necessary. The court also enjoins respondents from denying Oiurskii bond on the basis that 8 U.S.C. § 1225(b)(2) applies to him.[1] Respondents are further ordered to file a status report by

---

[1] Regarding other forms of relief requested, Oiurskii may move separately, within 30 days of final judgment in this action, to recover attorney's fees and costs under the Equal Access to Justice Act. 28 U.S.C. § 2412(d); *see Kholyavskiy* v. *Schlecht*, 479 F. Supp. 2d 897, 901 (E.D. Wis. 2007) (discussing application of the

December 5, 2025, at 12:00 p.m. Central Standard Time, confirming that Oiurskii has been released.

      Separately, the warden of the detention center where a noncitizen is detained is the proper respondent to a noncitizen's habeas petition. *Kholyavskiy* v. *Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006). Based on the information provided by respondents, that individual is Todd M. Lyons, Acting Director for ICE. Accordingly, the Clerk is directed to add Todd M. Lyons, Acting Director for ICE, as the respondent in the case caption.

Date: December 2, 2025

                                                  U.S. District Judge Joan H. Lefkow

---

EAJA to habeas actions challenging immigration-related detention). The court declines to apply the Administrative Procedures Act to the instant case since "the APA does not authorize judicial review that some other statute forecloses" and 8 U.S.C. § 1252(e) limits habeas review to the issues already addressed in this order. *Dubey* v. *Dep't of Homeland Sec.*, 154 F.4th 534, 537 (7th Cir. 2025).